UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV-22-1856-DMG (KKx)** | Date | January 25, 2023 |
|---|---|---|---|
| Title | ***Anthony J. Torralba Jr. v. National General Insurance Company, et al.*** | Page | 1 of 3 |

Present: The Honorable    **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DENYING MOTION TO REMAND [12]**

On July 26, 2022, Plaintiff Anthony J. Torralba filed his Complaint in San Bernardino County Superior Court asserting claims for breach of contract, breach of the implied duty of good faith and fair dealing, and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code sections 17200 *et seq.*, relating to an insurance claim denial against Defendants National General Insurance Company and Integon National Insurance Company. [Doc. # 1-1.] On October 21, 2022, Defendants removed this action to this Court, asserting diversity jurisdiction. [Doc. # 1.]

On December 13, 2022, Torralba filed a Motion to Remand ("MTR"), arguing that Defendants had not adequately alleged that the amount in controversy exceeds $75,000. [Doc. # 12.] The MTR is fully briefed. [Doc. ## 15 ("Opp."), 17 ("Reply").] For the reasons discussed below, the Court **DENIES** Torralba's MTR.

## I.
## DISCUSSION

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to the suit are of diverse citizenship and that the amount in controversy exceeds $75,000. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks and citation omitted).

In determining whether the removing party has met its burden, courts in the Ninth Circuit consider facts presented in the removal petition as well as any "'summary-judgement-type

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV-22-1856-DMG (KKx) | Date | January 25, 2023 |
| Title | *Anthony J. Torralba Jr. v. National General Insurance Company, et al.* | Page | 2 of 3 |

evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations regarding the amount in controversy will not suffice. *Id.* at 1090–91. "[C]laims for special and general damages, attorneys' fees and punitive damages" may meet the jurisdictional minimum. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Id.* (internal citation omitted).

Here, Torralba's Complaint seeks benefits owed under his insurance policy with Integon for damage to his vehicle, attorneys' fees, and punitive damages for bad faith. [Doc. # 1-1.] Torralba does not specify the dollar amount of damages sought. Defendants therefore bear the burden of showing by a preponderance of the evidence that it is "more likely than not" that the amount in controversy is over $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007).

Torralba's Complaint seeks "over $20,000" in insurance benefits. *See, e.g..* Compl. ¶; *see also* King Decl., Ex. C [Doc. # 12-2 at 32] (showing claim for $20,661.16). Defendants' counsel submitted a declaration in which he asserts that based on his experience, he estimates that litigating a case like this one through a seven-day trial would require approximately 229 hours in attorneys' fees, which, for an attorney charging $250 per hour, would add up to $57,250. Austin Decl. ¶¶ 3–4. Defendants also cite to cases in which hundreds of thousands of dollars in emotional distress damages, and tens of thousands in punitive damages, have been awarded in insurance cases involving bad faith by the insurer where the plaintiff sought coverage for property damage in an amount *less* than Torralba claims here. *See* Opp. at 15–17.

Torralba, on the other hand, has submitted no evidence that his claims put less than $75,000 at issue. He does not dispute Defendants' calculation of his estimated attorneys' fees. He argues, however, that Defendants have made little effort to analogize the particular facts of the cases they cite regarding punitive and emotional distress damages with this one.

Torralba is correct that Defendants have not shown that the juries in the cases they cite were considering facts very similar to those here. Still, they have demonstrated that Torralba has the potential to recover some punitive or emotional distress damages. *Accord Simmons*, 209 F. Supp. 2d at 1031 (concluding defendant had shown "the potential for large punitive damage awards" in an employment discrimination case, even though the cases cited involved distinguishable facts). Given Torralba's claim for $20,661.16 in compensatory damages,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV-22-1856-DMG (KKx) | Date | January 25, 2023 |
| Title | *Anthony J. Torralba Jr. v. National General Insurance Company, et al.* | Page | 3 of 3 |

Defendants' uncontroverted evidence that attorneys' fees could total more than $55,000, and Defendants' evidence that Torralba could recover punitive or emotional distress damages, Defendants have carried their burden to demonstrate by a preponderance of the evidence that Torralba's claims put more than $75,000 in controversy.

## II.
## CONCLUSION

In light of the foregoing, the Court **DENIES** Torralba's MTR.  The January 27, 2022 hearing on the motion is **VACATED**.

**IT IS SO ORDERED.**